APPEAL OF MIDLAND REFINING CO. (No. 2).

Docket No. 1983.   Submitted April 7, 1925.   Decided July 10, 1925.

*Lyle T. Alverson, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

The Commissioner has asserted for the year 1918 a deficiency in income and profits taxes in the sum of $7,786.14. The petition alleges that six errors were committed by the Commissioner in the determination of the tax. At the hearing the taxpayer abandoned issues Nos. 4 and 5, as shown upon its petition, and the Commissioner conceded the correctness of the taxpayer's contention as to issue No. 6. No proof was offered in support of the taxpayer's contentions as to issue No. 3. Issue No. 1 asserts that the Commissioner erroneously determined that this taxpayer was not, during the year 1918, affiliated with the Inland Oil Co., and issue No. 2 asserts that the Commissioner erroneously refused to permit the two companies to file a consolidated return for that year.

At the hearing it was stipulated by and between the parties hereto that the evidence heretofore presented in the appeal of the same name, 2 B. T. A. 292, decided this day, and involving the same issues for the year 1919, should be considered to the same extent as if it had been given in this appeal and that, to the extent that the similarity of facts permits the decision of this Board in the other appeal to be applicable, the same should be considered as controlling in this appeal.

### FINDINGS OF FACT.

The evidence in this appeal varies from that in the other appeal only in the stockholdings of the various stockholders. In the other appeal we set out a tabulation showing those owning stock in both companies, the percentage of their holdings, and their relationship to the company or the dominant stockholders. The following shows the names and percentages of stock held by the various stockholders in both years:

| Name. | 1918 | | Name. | 1919 | |
| --- | --- | --- | --- | --- | --- |
| | Per cent Midland. | Per cent Inland. | | Per cent Midland. | Per cent Inland. |
| Bradford | 1.36 | 1.43 | | 2.27 | 2.52 |
| Frazier | 1.36 | 2.88 | | 3.03 | 2.52 |
| Hazlett | 1.36 | 1.43 | | 2.32 | 5.07 |
| Kauffman | .41 | 1.43 | | .40 | 1.26 |
| Meade | .34 | 1.43 | | .25 | 1.26 |
| Muir | .45 | 1.43 | | .44 | 1.26 |
| Nicholson | .07 | .29 | | .07 | .25 |
| Osborne | 33.91 | 42.17 | | 29.08 | 17.81 |
| Pielsticker | .86 | 2.87 | | .85 | 5.07 |
| Skelly | 33.91 | 31.18 | | 33.63 | 28.19 |
| Thorp | 1.70 | 5.73 | | 1.68 | 5.05 |
| Wood | .43 | 1.43 | | .42 | 1.26 |
| Borg | .52 | 1.15 | Ferrell | 2.02 | 4.44 |
| Curtis | .34 | 1.43 | Griffin | 1.68 | 1.51 |
| Haney | .75 | 1.43 | Nilsson | .14 | 2.52 |
| Scott | .84 | 1.43 | | | |

We find that the dominant stockholders, namely, Skelly, Osborne, and Pielsticker, each owned in 1918 more of the stock of both companies than they did in 1919. The other facts are as we have found them to be in the *Appeal of Midland Refining Co.*, 2 B. T. A. 292.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

### OPINION.

GREEN: In the previous appeal of the same name, involving the same issue, we held that the Midland Refining Co. and the Inland Oil Co. were affiliated corporations and that they should file a consolidated return as such. In this appeal the taxpayer makes out a stronger case than it did in the previous appeal, in that the dominant stockholders owned more of the stock in the year in question than they did in the year there considered. The other facts being the same as they were in the other appeal, we must hold, as we did there, that the two corporations were affiliated and that they should file a consolidated return. This disposes of issues Nos. 1 and 2.

The Commissioner has conceded the correctness of the taxpayer's contention as set out in issue No. 6 in the appeal and the tax should be recomputed in accordance with the taxpayer's contention as set out therein. Issues Nos. 4 and 5 were abandoned by the taxpayer and it offered no proof as to issue No. 3 and we therefore hold that the conclusion of the Commissioner as to the matters therein alleged as errors was correct.